```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

ROSEMARY ANN McCREVAN,         )
            Plaintiff,         )
                               )
        v.                     )  C.A. No. 04-11276-MLW
                               )
GENUITY, INC.,                 )
            Defendants.        )
```

MEMORANDUM AND ORDER

On June 8, 2004, plaintiff filed her self-prepared Application to Proceed Without Prepayment of Fees, Motion for Appointment of Counsel and copy of the Equal Employment Opportunity Commission Notice of Right to Sue ("EEOC Notice") dated March 9, 2004.  See Docket.

Plaintiff seeks to file this employment discrimination action against her former employer without prepayment of the filing fee. Based upon plaintiff's financial status as reflected in plaintiff's Application to Proceed Without Prepayment of Fees ("Application"), the Court will allow plaintiff's Application by separate order.

Although plaintiff filed civil and category sheets as well as a copy of the EEOC Notice, she has not filed a civil complaint.  The Federal Rules provide that "a civil action is commenced by filing a complaint with the Court."  See Rule 3 of the Federal Rules of Civil Procedure.  The completion of a civil cover sheet (as well as a category sheet) is required by the

1

local rules of this Court for the use by the Clerk of the Court to create the docket sheet and to prepare necessary indices and statistical records. <u>See</u> L.R. 3.1. The civil cover sheet states, both in the instructions and at the top of the page that "the information contained herein neither replaces nor supplements the filings and service of pleading [sic] or other papers. . ." <u>See</u> Civil cover sheet.

Although at least one court has held, in the context of a bankruptcy proceeding, that a civil cover sheet cannot be treated as a cognizable substitute for a complaint, <u>see</u> <u>In re Calafiore</u>, 237 B.R. 249, 252 (D. Conn. 1999), this Court, consistent with its duties to construe pro se pleadings generously, will grant time to plaintiff to file a complaint. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (holding that pro se litigants are entitled to liberal construction of their pleadings); <u>see also</u> <u>Instituto de Educacion Universal Corp. v. Department of Educ.</u>, 209 F.3d 18, 23 (1st Cir. 2000) (stating that court was "troubled" by rigid approach to the construction of pleadings; where action had been transferred to the court without a complaint it could direct litigant to file a complaint).

Finally, to the extent plaintiff seeks to have this Court appoint counsel to represent plaintiff, plaintiff's motion will be

denied without prejudice. In civil cases, the appointment of counsel is discretionary pursuant to 28 U.S.C. § 1915(e)(1). <u>Cookish v. Cunningham</u>, 787 F.2d 1, 2 (1st Cir. 1986). An indigent litigant must demonstrate exceptional circumstances to justify the appointment of counsel. <u>King v. Greenblatt</u>, 149 F.3d 9, 14 (1st Cir. 1998); <u>DesRosiers v. Moran</u>, 949 F.2d 15, 23 (1st Cir. 1991).

Even with liberal construction, the documents submitted by plaintiff do not present exceptional circumstances sufficient to warrant the appointment of counsel at this time.

ORDER

Based upon the foregoing, it is hereby

ORDERED, that plaintiff's motion for the appointment of counsel is DENIED without prejudice; and it is further

ORDERED, that plaintiff shall file a civil complaint within thirty-five (35) days of the date of this Memorandum and Order, or this action shall be dismissed without prejudice. The Clerk shall send plaintiff with this order a copy of "Step by Step: A Simple Guide to Filing a Civil Action."

SO ORDERED.

Dated at Boston, Massachusetts, this <u>1st</u> day of <u>December</u>, 2004.

/s/ Mark L. Wolf

```
                              MARK L. WOLF
                              UNITED STATES DISTRICT JUDGE
```